UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARQUIS COPEZ,<br><br>Defendant. | NO. 8:25-cr-335 (FWV) |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION**

Defendant Marquis Copez is charged with sending two letters threatening rape and murder to U.S. District Court Judge Ellen L. Hollander. But the letters were not an isolated incident. Copez has repeatedly engaged in assaultive behavior for years. He has even been convicted for assaulting a correctional employee while incarcerated—and he currently faces two additional charges for the same crime.

The United States requests that Copez be detained pending trial. He is eligible for pretrial detention because the crimes he is accused of—threatening to assault or murder a U.S. judge, in violation of 18 U.S.C. § 115(a)(1)(B), and mailing threatening communications, in violation of 18 U.S.C. § 876(c)—are crimes of violence. *See* 18 U.S.C. § 3142(f)(1)(A). The Court should order Copez's detention because there are no release conditions that could reasonably assure the community's safety.

**BACKGROUND**

Copez sent two letters to U.S. District Court Judge Ellen L. Hollander in which he threatened to kill and rape her. First, on around November 28, 2023, the District of Maryland

1

Courthouse in Greenbelt received a letter addressed to Judge Hollander threatening to kill her. The author signed the letter in the name of a Maryland state prisoner at Northern Branch Correctional Institution (NBCI), C.M.

> Dear Judge Ellen lipton Hollander,
>
> My name [C.M.] [ID #] I am a head member of Black Guerilla Family 276. I am reponsible for 90% of Murders that occured in 2017 to present. I will kill you and this is a free admittance of my guilt. If you Dont help me by convicting me for conspriacy to Murder I will kill you Me Dafan canty Joquan collins are all Planning to kill you this the truth so help I would like to be convicted under the 848 B Rico law Because if you Dont help me I will kill you when Im released in 2024
>
> Sincerly,
> [C.M.]

**November 28 Letter Threatening to Kill Judge Hollander**

On December 1, 2023, Deputy United States Marshal (DUSM) Kfir Gamliel traveled to NBCI to interview C.M., but C.M. declined to be interviewed. While at NBCI, however, DUSM Gamliel spoke with Lieutenant D.B., who indicated that another NBCI inmate, Copez, was likely the letter's true author. Lieutenant D.B. provided DUSM Gamliel with two packets containing samples of materials written by Copez and C.M.[1]

---

[1] During an interview with DUSM Gamliel, Copez claimed that he is known as the "Lawsuit King." At one point, Copez had a lawsuit pending against Lieutenant D.B. and his colleagues.

On January 25, 2024, the District of Maryland Courthouse in Greenbelt received a second threatening letter addressed to Judge Hollander. This one threatened to rape Judge Hollander and kill her mother. The letter was signed by NBCI inmate, D.S.

**January 25 Letter Threatening to Rape Judge Hollander and Kill Her Mother**

On March 21, 2024, DUSM Gamliel interviewed NBCI inmate D.S. D.S. stated that he did not write the letter to Judge Hollander and allowed DUSM Gamliel to collect a writing sample from him.

On June 12, 2024, the United States Secret Service Forensic Services Division (FSD) issued a latent fingerprint examination report. The FSD examined the two letters addressed to Judge Hollander and the envelopes they were sent in. The FSD identified Copez as the source of a fingerprint on the November 28 letter.[2] Notably, none of the fingerprints that FSD deemed suitable for comparison were identified as belonging to C.M. or D.S.

On June 17, 2024, the FSD issued a handwriting analysis report. The FSD examined the

---

[2] Fingerprints of two courthouse employees were also found on both the November 28 and January 25 letters.

November 28 and January 25 letters as well as known handwriting samples from Copez, C.M., and two other inmates. The examiner concluded that Copez "probably did write" the November 28[3] and January 25 letters. The examiner defined "probably did write" as there being "more evidence for, than against, the known writer." The examiner also determined that C.M. probably did not write the November 28 or January 25 letters. "Probably did not write" meant there was "more evidence against, than for, the known writer."

Analysts attempted to collect DNA from the corners of the November 28 and January 25 envelopes for analysis, but they were unsuccessful.

Importantly, the November 28 and January 25 letters both misspelled the word "sincerely." Samples of Copez's writings included the same misspelling.

 

**The Misspelling of the Word "Sincerely" in
the November 28 and January 25 Letters**

**The Same Misspelling of the Word "Sincerely" in
One of Copez's Known Writing Samples**

On September 26, 2024, DUSM Gamliel interviewed Copez. At the beginning of the interview, DUSM Gamliel explained Copez's rights, and Copez signed a *Miranda* waiver form. Copez then made several statements, including:

---

[3] Excluding pencil entries on the back of the letter.

- Judge Hollander was the presiding Judge over a lawsuit in which Copez was the plaintiff.

- It is easy to obtain another inmate's identification number by searching the individual on inmate locator.

- Copez's relationship to C.M. is "copacetic," but he does not speak to D.M.

- C.M. told Copez that he wrote the November 28 letter to Judge Hollander.

- D.S., along with another individual, wrote one of the letters to Judge Hollander and Copez tried to talk D.S. out of sending it.

- When confronted with the fact that his fingerprint was on one of the letters, Copez claimed that he provided an envelope to C.M. and D.S.

- Copez provided the same misspelling for the word "sincerely" found in both the November 28 and January 25 letters.

Throughout the interview, Copez repeatedly stated that he did not write the letters to Judge Hollander. Eventually, however, he said, "I didn't do it, but I'll say I did it," and, "I did it . . . do y'all want me to admit I did it? I did it." Copez also agreed to provide a writing sample to DUSM Gamliel. The handwriting sample included the same misspelling of "sincerely" as the November 28 and January 25 letters, but Copez wrote the sample in cursive instead of print.



**Copez's Signature from the Writing Sample
Including the Misspelling of "Sincerely"**

DUSM Gamliel conducted a records check that revealed that Copez was a party in two cases in which Judge Hollander was the presiding judge. *See Copez v. Pratt, et al*, 23-cv-19

(ELH); *Copez v. Drozda, et al*, 23-cv-465 (ELH). DUSM Gamliel was unable to find any cases involving D.S. or C.M. in which Judge Hollander was the presiding judge.

On October 30, 2025, a grand jury in the District of Maryland indicted Copez on two counts of influencing, impeding, or retaliating against a United States judge by threatening in violation of 18 U.S.C. § 115(a)(1)(B); and two counts of mailing threatening communications in violation of 18 U.S.C. § 876(c)). Copez was arrested on November 21, 2025. He had an initial appearance on November 24, 2025.

## ARGUMENT

A court must detain an eligible defendant pending trial if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). In making that assessment, the court considers four familiar factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger the defendant's release would pose. *Id.* § 3142(g). A finding that release conditions cannot reasonably assure the community's safety must be supported by clear and convincing evidence. *Id.* § 3142(f).

This Court should detain Copez pending trial because he poses a danger to the community. All four detention factors support detention.

### I. The Nature and Circumstances of the Offenses Support Copez's Detention.

Copez is charged with serious offenses carrying significant penalties. A violation of 18 U.S.C. § 115(a)(1)(B) is punishable by 6 years of imprisonment for a threatened assault and 10 years for other kinds of threats, like threatened murder. *See* 18 U.S.C. § 115(b)(4). A violation of 18 U.S.C. § 876(c) ordinarily carries a penalty of up to five years of incarceration. But when the

6

defendant threatens a United States judge, the maximum penalty *doubles* to ten years.  The stiff penalties at issue—and, in particular, the enhanced penalty that applies because a federal judge is the victim—demonstrate how serious Copez's threatening conduct is.  *See United States v. Ward*, 748 F. Supp. 3d 104, 109 (E.D.N.Y. 2024) (remarking that threats against a federal judge "strike[] at the heart of the judicial system" and "weigh[] strongly in favor of detention").  The offenses are even crimes of violence—a fact that warrants special consideration in a court's pretrial detention assessment.  *See* 18 U.S.C. § 3142(g)(1)(A); *see also, e.g.*, *United States v. Chrestman*, 525 F. Supp. 3d 14, 28 (D.D.C. 2021) ("One of the felony charges he faces, of Threatening to Assault a Federal Law Enforcement Officer in violation of 18 U.S.C. § 115(a)(1)(B), poses an inherent risk of danger to the community as a 'crime of violence' within the meaning of § 3142(g)."); *United States v. Cole*, 465 F. Supp. 3d 1175, 1177 (W.D. Wash. 2020) ("Defendant is charged with a crime of violence, i.e., Mailing Threatening Communications, which involves a threat to injure another, 18 U.S.C. § 876(c).").

The contents of the letters are also important.  In the November 28 letter, Copez wrote multiple times, "I will kill you," and that he was planning to kill Judge Hollander.  In the January 25 letter, Copez wrote that he would "rape [Judge Hollander himself] and kill [her] mother."  The January 25 letter exhibited an escalation in Copez's conduct.  Not only were the threats more graphic, but they also targeted both Judge Hollander and a member of her family.  *See United States v. Phulwani*, No. 1:15-cr-369, 2015 WL 13376512, at *1–2 (M.D.N.C. Nov. 4, 2015) (detaining a defendant pretrial after he mailed "handwritten letters contain[ing] various serious threats" while incarcerated to his former attorney as well as the attorney's wife and children).

In addition, the timing of the letters—sent nearly two months apart—is highly concerning.  Copez did not just fail to regret sending the November 28 letter.  After weeks during which he

could have reevaluated his conduct, Copez decided to redouble his threats.

The nature and circumstances of the charged offenses weigh in favor of detention.

### II. The Weight of the Evidence Against Copez Is Strong.

The government's case against Copez is strong. Copez was familiar with Judge Hollander because she presided over two civil cases to which he was a party. Meanwhile, C.M. and D.S. appear to have had no dealings with Judge Hollander. Copez's fingerprint was recovered from the November 28 letter sent to Judge Hollander. A handwriting examiner determined that Copez "probably did write" the letters and that C.M. "probably did not." Finally, Copez made the same misspelling for the word "sincerely" found in the letters in his interview and in writing samples.

In sum, the strength of the evidence against Copez weighs in favor of detention.

### III. Copez's History and Characteristics Merit Detention.

Copez has a history of violent behavior that make his threats to Judge Hollander all the more concerning. He has several convictions for, and judicial contacts involving, violent offenses spanning multiple years:

- On May 4, 2010, Copez was convicted of Second-Degree Assault in Baltimore (Case No. 3C00316942). He was sentenced to 18 months of incarceration with 16 months and 14 days suspended pending 1 year of supervised probation.

- On January 30, 2012, Copez was convicted of Second-Degree Assault in Baltimore (Case No. 4B02152231). He was sentenced to 1 year of incarceration with 1 year suspended pending 6 months of supervised release. Notably, two bench warrants were issued for probation violations on March 26, 2012, and January 4, 2013.

- On September 5. 2012, charges for Robbery, Second-Degree Assault, and Theft in Baltimore were STET docketed (Case No. 112083005).

- On January 9, 2014, Copez was convicted of Second-Degree Assault in Anne Arundel County, Maryland (Case No. 2A00275263). He was sentenced to 3 years of incarceration with 2 years and 6 days suspended pending probation of 1 year and 6

months.  Notably, two bench warrants were issued for probation violations on June 30, 2014, and October 22, 2014.

- On February 25, 2019, Copez was convicted of First-Degree Aggravated Assault in Baltimore and sentenced to 8 years of incarceration (Case No. 118117001).

- On May 2, 2024, Copez was convicted of Second-Degree Assault on a Department of Corrections Employee in Allegany County, Maryland (Case No. D121CR24000311).  He was sentenced to 6 months of incarceration.

- Also on May 2, 2024, Copez was convicted of False Alarm/Fire in the Department of Corrections in Allegany County, Maryland (Case No. D121CR24000326).  He was sentenced to 6 months of incarceration.

- Copez currently has two pending charges in Allegany County, Maryland for Second-Degree Assault on a Department of Corrections employee (Case No. D121CR25001051).  Trial is scheduled for January 8, 2026.

Copez's criminal history demonstrates that he is unwilling to cease assaultive behavior.  Despite several convictions for violent crimes and being incarcerated for lengthy periods of time, Copez has continued to attack people—even *while* incarcerated.  What is more, he has repeatedly attacked correctional staff.  And he has written the threatening communications at issue in this case.  If Maryland state prison authorities cannot keep Copez from attacking and threatening people while he is incarcerated, this Court cannot expect that pretrial release conditions will keep the community safe.  *See Phulwani*, 2015 WL 13376512, at *2 (detaining a threats defendant who had "a long history of convictions for assaultive and threatening conduct dating back to at least 2000, as well as multiple convictions for other miscellaneous misdemeanor and felonies").

Copez's history and characteristics weigh heavily in favor of his pretrial detention.

### IV.   Copez Presents a Danger to the Community.

Copez's release would pose a real danger to the community.  As just discussed, over the last 15 years, Copez has been convicted once of First-Degree Aggravated Assault and four times

of Second-Degree Assault, including once for assaulting a correctional employee.  Now, he has two more charges pending for Second-Degree Assault on a correctional employee.  And in the meantime, while incarcerated, Copez sent two letters threatening to rape Judge Hollander, kill her, and kill her mother.  Copez has thus demonstrated a propensity to engage in threatening and assaultive conduct no matter what restrictions are placed on him.  No conditions this Court can impose would reasonably assure the community's safety.

## **CONCLUSION**

The government asks that the Court detain Copez pending trial because his release would threaten the community's safety.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:   /s/ *Blake J. Ellison*
BLAKE J. ELLISON
Special Assistant United States Attorney
Acting Under Authority Conferred by
28 U.S.C. § 515
TX Bar No. 24117203
601 D Street NW
Washington, D.C. 20530
Phone: 202-436-5921
Fax: 202-252-7146
blake.ellison@usdoj.gov