**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**AT GREENBELT**

UNITED STATES OF AMERICA

v.

                                         CRIMINAL ACTION NO.: 8:25-cr-00335

MARQUIS COPEZ

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Marquis Copez's Assertion of Right to Speedy Trial and Objection to Extended Continuance [Doc. 46], filed April 20, 2026. On May 5, 2026, the Government responded in opposition.

**I.**

On April 8, 2026, Mr. Copez moved to continue the then-scheduled June 1, 2026, trial to June 8, 2026, given defense counsel's recent appointment and her practice in an outside jurisdiction. [ECF 42]. On April 9, 2026, the Court granted Mr. Copez's Motion but continued the trial to August 3, 2026, as opposed to June 8, 2026. [ECF 43]. On April 20, 2026, over a week later, Mr. Copez filed his instant objection to the August 3, 2026, trial date, asserting his right to a speedy trial under the Sixth Amendment and the Speedy Trial Act. [ECF 46].

Specifically, Mr. Copez contends if he had known trial would be continued 56 days beyond his initial one-week request, he would have never sought the continuance. [*Id*. at 2]. He maintains the August 3, 2026, trial date now poses "unexpected difficulties," such as the potential for the unavailability of experts in "the height of the summer period," due to scheduled "vacations or other childcare related obligations." [*Id*.]. He thus objects to the August 3, 2026, trial date and

the exclusion of time between June 8, 2026, and August 3, 2026, under the Speedy Trial Act.

The Government responds it does not oppose the August 3, 2026, date given the Court's discretion in managing its docket and ensuring a properly counseled and prepared trial. [ECF 53]. The Government further asserts Mr. Copez has failed to demonstrate any "concrete prejudice resulting from the additional time" and advancing the trial date now would likely "disrupt any pre-trial motion deadlines, require re-coordination of witnesses, counsel availability, and Court resources, potentially creating inefficiencies" the current trial date already resolves. [*Id*. at 3, 4].

## II.

For purposes of the Speedy Trial Act, 18 U.S.C. §§ 3161-74, the Court may under certain conditions exclude "[a]ny period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(A). If the continuance is granted "on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," the Court is required to state "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* The factors that govern the analysis -- and which the Court "shall consider" in passing on a continuance under § 3161(h)(7)(A) -- are as follows:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of

the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)-(iv). Our Court of Appeals has observed as follows respecting the

ends-of-justice continuance:

The government alternatively argues that the delay is excluded because it served the ends of justice. Under the Act, a court may exclude a period of delay if two things happen: (1) the "judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial"; and (2) "the court sets forth, in the record of the case, either orally or in writing, its reasons for [the] finding[s]." § 3161(h)(7)(A); *United States v. Smart*, No. 22-4209, 91 F.4th 214, 221 (4th Cir. Jan. 24, 2026). In other words, it first must be "clear from the record that the court conducted the mandatory balancing contemporaneously with the granting of the continuance." *United States v. Keith*, 42 F.3d 234, 237 (4th Cir. 1994). And, second, the court must set forth the reasons for its finding no later than when it rules on a defendant's motion to dismiss. *United States v. Henry*, 538 F.3d 300, 303–04 (4th Cir. 2008). If the district court fails to meet these requirements, then the delay is not excluded from the speedy-trial clock.

*United States v. Hart*, 91 F.4th 732, 739–40 (4th Cir. 2026) (alterations in original).

### III.

In granting Mr. Copez's initial continuance request, the Court found that the failure

to grant a continuance would result in a miscarriage of justice. [ECF 43]. Specifically, the Court

found that counsel for both sides would be denied the reasonable time necessary for effective

preparation, taking into account the exercise of due diligence. [*Id*.]. Despite Mr. Copez's present

objection, the Court reiterates those findings here. This is especially so considering that (1)

Government counsel was only recently replaced and substitute counsel did not obtain her special

designation to appear on the Government's behalf until April 30, 2026, and (2) defense counsel is likewise relatively new to this matter, first noticing her appearance on March 19, 2026, due to Mr. Copez's previously assigned Assistant Public Defender's extended medical leave.

While the Court appreciates defense counsel's confidence in her preparedness for a June 8, 2026, trial, the Court stands by its earlier conclusion that additional time beyond this date is necessary to ensure effective preparation on both sides. Indeed, "[g]ranting or denying a continuance under the Speedy Trial Act is a matter committed to the trial judge's sound discretion." *United States v. Bourne*, 743 F.2d 1026, 1031 (4th Cir. 1984) (citing *United States v. Black,* 684 F.2d 481 (7th Cir.1982), *cert. denied,* 459 U.S. 1043 (1983)). "The Act should [thus] be read to give the trial court some flexibility in setting *a reasonable trial date* after a continuance has been validly granted pursuant to the Act's requirements." *Id*. (emphasis added).

Moreover, the request comes perilously close to the type of gamesmanship long condemned by controlling and other precedent. The United States Court of Appeals for the Fourth Circuit has recognized that defendants may not use the Speedy Trial Act as both "'a sword and a shield'" by "'sandbagging the court and the government by agreeing to a continuance and then later urging dismissal using the time covered by the continuance.'" *United States v. Graves*, 551 F. App'x 680, 686-87 (4th Cir. 2014) (quoting *United States v. Keith*, 42 F.3d 234, 238-39 (4th Cir. 1994), *abrogated on other grounds by United States v. Velasquez*, 52 F.4th 133, 140 (4th Cir. 2022)); *see also United States v. Scarfo*, 41 F.4th 136, 177 (3d. Cir. 2022) (reiterating "[w]hile a continuance must be reasonable in length, defendants are not 'free to abuse the system by requesting [ends-of-justice] continuances and then argu[ing] that their convictions should be vacated because the continuances they acquiesced in were granted.'" (quoting *United States v. Lattany*, 982 F.2d 866, 883 (3d. Cir. 1992)).

4

Additionally, neither the potential upset of scheduled vacation or other plans, nor the lack of specificity respecting expert availability, provide a basis for rescheduling. Without particularization, counsel for Mr. Copez is substituting speculation for the type of exactitude that might warrant the requested, advanced setting. It is also the case, as earlier inferred, that Mr. Copez's counsel (1) could have advanced in the continuance request the circumstances and restrictions now relied upon, or (2) at least not delayed (without explanation) for nearly two weeks to seek the relief he now suggests is urgently necessary.

The Court thus **OVERRULES** Mr. Copez's objection to the setting of the August 3, 2026, trial date. [**ECF 46**]. Accordingly, for the reasons articulated above -- and as previously stated in the Court's April 9, 2026, Order -- the time from and including **June 1, 2026, through August 3, 2026**, remains excludable from the computation of time within which trial must commence, pursuant to 18 U.S.C. § 3161(h)(7).

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to Magistrate Judge Aboulhosn, to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:  May 26, 2026

Frank W. Volk
Chief United States District Judge