**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**GREENBELT DIVISION**

**UNITED STATES OF AMERICA**

v. Case No. 8:25-cr-335 (FWV)

**MARQUIS COPEZ**

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION FOR PRETRIAL RELEASE**

Pending before the Court is Defendant Marquis Copez's ***Motion for Pretrial Release*** (ECF No. 103), and the Government's ***Response*** in opposition (ECF No. 105). The Court conducted a hearing on September 3, 2026, by videoconference. The Defendant appeared in custody and by counsel, and the United States appeared by counsel. The Court heard the arguments of the parties and considered the pleadings and record relevant to detention. For the reasons set forth below, the Defendant's Motion for Pretrial Release is **DENIED**.

**I. Background and Procedural History**

The Defendant initially consented to pretrial detention at his initial appearance on November 24, 2025, without prejudice, to later requesting a hearing concerning appropriate conditions of release. (ECF No. 11) He now seeks release principally because of the length of his pretrial detention and the delay in reaching trial. Jury selection and trial are presently scheduled to begin on October 19, 2026.

The operative charging instrument alleges four counts of influencing, impeding, or retaliating against a United States judge by threatening, in violation of 18 U.S.C. § 115(a)(1)(B), and four counts of mailing threatening communications, in violation of 18 U.S.C. § 876(c). (ECF No. 60)

The charged conduct concerns four threatening letters directed to two sitting United States District Judges. The alleged threats included threats of murder and rape, and the Government alleges that the Defendant signed the names and identifying information of other inmates to the letters.

**II. Legal Standard**

The Bail Reform Act requires the Court to order pretrial detention if, after a hearing, the Court finds that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of any other person and the community. 18 U.S.C. § 3142(e)(1). In determining whether such conditions exist, the Court considers: (1) the nature and circumstances of the offenses charged, including whether an offense is a crime of violence; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release. 18 U.S.C. § 3142(g).

The Government bears the burden of persuasion. To the extent detention rests upon risk of nonappearance, the Government must establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the Defendant's appearance as required. To the extent detention rests upon danger, the Government must establish by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. See 18 U.S.C. § 3142(f). The Court remains mindful that pretrial detention does not alter the presumption of innocence. 18 U.S.C. § 3142(j).

**III. Findings Under 18 U.S.C. § 3142(g)**

**A. Nature and Circumstances of the Charged Offenses**

The nature and circumstances of the charged offenses weigh heavily in favor of detention. The allegations are not generalized or abstract threats. The Government alleges a repeated course of conduct involving four threatening letters sent to two sitting federal judges known to the Defendant through prior civil litigation. The alleged threats included threats to kill and rape. The Government further alleges that the Defendant attempted to conceal his involvement and attribute responsibility to other inmates by signing their names and identifying information to the letters. The alleged repetition, escalation, targeting, and deliberate effort to disguise authorship materially increase the Court's concern regarding danger.

**B. Weight of the Evidence**

The weight of the evidence, while not treated as a determination of guilt, also favors detention. The Government proffers forensic and circumstantial evidence tying the Defendant to the communications. Among other things, the Government represents that the Defendant's fingerprint was recovered from one of the letters; a forensic handwriting examiner concluded that the Defendant probably wrote the letters; the letters and known samples of the Defendant's writing contain the same distinctive misspelling of the word "sincerely"; the Defendant had prior dealings with the targeted judges; and the Defendant had relationships with the inmates whose identities allegedly were used. For purposes of the detention determination only, the Court finds the Government's proffer substantial.

**C. History and Characteristics of the Defendant**

The Court has considered the Defendant's asserted ties to Maryland, including his relationship with his mother, as well as his proposed participation in treatment at Unlimited Bounds in Baltimore. Those facts weigh in the Defendant's favor. They do not, however, overcome the substantial evidence bearing on danger.

The Defendant has a significant history of assaultive conduct, including multiple convictions for second-degree assault, a conviction for first-degree aggravated assault for which he received an eight-year sentence, and a 2024 conviction for second-degree assault on a Department of Corrections employee. The Government also represents that the Defendant has accumulated numerous institutional disciplinary violations, including violations involving threatening letters to female correctional employees. Particularly significant to the Court is that the conduct charged in this federal case allegedly occurred while the Defendant was already incarcerated on an assault conviction. Thus, incarceration itself did not prevent the alleged threatening conduct.

**D. Nature and Seriousness of the Danger Posed by Release**

This factor weighs most heavily in the Court's determination. The record reflects not merely a historical propensity for assaultive and threatening behavior, but alleged threatening conduct undertaken while the Defendant was subject to the substantial restriction of incarceration. The charged conduct allegedly involved multiple communications, directed at identified judicial officers, over an extended period, coupled with efforts to conceal the Defendant's identity and place responsibility on other inmates. The Government also proffers a November 20, 2025 jail call in which the Defendant allegedly threatened another inmate and asked an individual with internet access to obtain that inmate's identifying information and home address.

The Court has specifically considered the conditions proposed by the Defendant, including inpatient treatment at Unlimited Bounds, no contact with the alleged victims, employment requirements, regular reporting, and restrictions concerning weapons, alcohol, and controlled substances. The Court finds those proposed conditions, whether imposed individually or in combination with other available conditions, insufficient to reasonably assure the safety of other persons and the community. Of particular importance, the alleged conduct demonstrates an ability

to communicate threats and engage in threatening behavior even within a custodial setting. Conditions such as geographic restrictions, electronic monitoring, reporting, treatment, or no-contact provisions would not adequately mitigate that danger.

**IV. Conclusion**

After considering the evidence and proffers presented, the arguments of counsel, the Defendant's proposed conditions of release, and each of the factors set forth in 18 U.S.C. § 3142(g), the Court **FINDS** that the Government has established by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the Defendant's appearance as required. More importantly, and independently sufficient to require detention, the Court **FINDS** by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

The Court's determination rests particularly upon the nature and seriousness of the charged threats; the strength of the Government's proffered evidence; the Defendant's history of assaultive and threatening conduct; and the fact that the charged threatening conduct allegedly occurred while the Defendant was already incarcerated. Those circumstances persuade the Court that the danger identified here cannot reasonably be addressed through the conditions proposed by the Defendant or any other condition or combination of conditions available under the Bail Reform Act.

Accordingly, the Defendant's ***Motion for Pretrial Release*** (ECF No. 103) is hereby **DENIED**. The Defendant shall remain detained pending trial and to the extent practicable, separated from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge

of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding. See 18 U.S.C. § 3142(i).

The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to counsel for the Defendant, the United States Attorney, the United States Marshals Service, and the United States Probation/Pretrial Services Office.

ENTER: September 4, 2026.

Omar J. Aboulhosn
United States Magistrate Judge