**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**AT GREENBELT**

UNITED STATES OF AMERICA

v.

CRIMINAL ACTION NO.: 8:25-cr-00335

MARQUIS COPEZ

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Marquis Copez's Motion to Continue [ECF 130], filed October 21, 2026. On October 23, 2026, the Government responded in opposition. [ECF 131].

**I.**

On October 9, 2026, the Court entered a Case Management Order following the October 1, 2026, evidentiary hearing that, *inter alia*, (1) set a post-hearing briefing schedule upon receipt of the evidentiary hearing transcript, and (2) continued trial to December 14, 2026. [*See* ECF 129]. Thereafter, Mr. Copez filed the instant Motion, seeking to continue trial "to a date as early as possible after May 17, 2027." [ECF 130 at 1]. In support of his request, Mr. Copez provides (1) lead trial counsel is unavailable on the current trial date due to a conflict with an earlier scheduled trial in another case, (2) his co-counsel will soon be on maternity leave, with an expected return after mid-March 2027, (3) upon his co-counsel's return, she is set to begin another trial in mid-April, prior to arguing before the D.C. Circuit Court of Appeals on April 26, 2027, and (4) no other available attorneys in his counsels' office possess the requisite forensic knowledge this case requires to proceed in his counsels' absence. [*Id.* at 1-2].

Mr. Copez contends the requested continuance is justified considering the amount of time his counsel has expended on the complex, scientific matters involved in this case, and his entitlement to have the counsel of his choice represent him at trial. [*Id.* at 1-2]. Mr. Copez maintains a denial of the requested continuance would result in "severe prejudice," considering the foregoing and the "developing attorney-client relationship." [*Id.*]. Mr. Copez thus requests a trial date "around May 17, 2027, so that he may go to trial with the attorneys of his choice." [*Id.* at 3].

The Government opposes Mr. Copez's request, asserting the continuance "would further delay the resolution of this matter, prejudice the [G]overnment's ability to present its case, and impose an unnecessary burden on the witnesses and experts who have prepared for trial." [ECF 131 at 1]. In support, the Government contends this matter has been plagued by numerous delays due to the nature of the case and changes in counsel and any postponement "would undermine the public's interest in bringing this matter to trial without further unnecessary delay." [*Id.* at 3]. The Government additionally asserts additional delay would burden its witnesses and experts who have remained available to testify on the currently scheduled trial date. Specifically, it contends a May 2027 trial would result in a nearly four-year lapse of time since the first alleged offense occurred, which "will inevitably affect the witnesses' ability to recall details of the offense, to testify in a nuanced manner, and ultimately could affect how the jury assesses the witnesses' credibility." [*Id.* at 4].

The Government emphasizes Mr. Copez is represented by three trial attorneys, all of whom were present at the October 1, 2026, evidentiary hearing, during which the forensic issues were set forth and addressed. [*Id.*]. Though the Government recognizes "the importance of accommodating legitimate scheduling conflicts and family-related leave," it maintains the

identified conflicts fail to establish Mr. Copez's entire defense team is unavailable to proceed. [*Id.* at 3]. The Government thus opposes Mr. Copez's Motion and requests that trial proceed on December 14, 2026, as scheduled.

**II.**

For purposes of the Speedy Trial Act, 18 U.S.C. §§ 3161-74, the Court may under certain conditions exclude "[a]ny period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(A). If the continuance is granted "on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," the Court is required to state "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* The factors that govern the analysis -- and which the Court "shall consider" in passing on a continuance under § 3161(h)(7)(A) -- are as follows:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for

> effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)-(iv). Our Court of Appeals has observed as follows respecting the ends-of-justice continuance:

> The government alternatively argues that the delay is excluded because it served the ends of justice. Under the Act, a court may exclude a period of delay if two things happen: (1) the "judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial"; and (2) "the court sets forth, in the record of the case, either orally or in writing, its reasons for [the] finding[s]." § 3161(h)(7)(A); *United States v. Smart*, No. 22-4209, 91 F.4th 214, 221 (4th Cir. Jan. 24, 2026). In other words, it first must be "clear from the record that the court conducted the mandatory balancing contemporaneously with the granting of the continuance." *United States v. Keith*, 42 F.3d 234, 237 (4th Cir. 1994). And, second, the court must set forth the reasons for its finding no later than when it rules on a defendant's motion to dismiss. *United States v. Henry*, 538 F.3d 300, 303–04 (4th Cir. 2008). If the district court fails to meet these requirements, then the delay is not excluded from the speedy-trial clock.

*United States v. Hart*, 91 F.4th 732, 739–40 (4th Cir. 2026) (alterations in original).

## III.

The Court **FINDS** the ends of justice served by the continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7). First, as mentioned in the Court's October 9, 2026, Case Management Order, (1) the charges under consideration are not within the mine run of those federal criminal code accusations ordinarily handed up by grand juries, and (2) the evidentiary record respecting both the fingerprint and handwriting analyses is imbued with some level of novelty, which doubtless requires some level of specialized knowledge and intimate familiarity that only Mr. Copez's current counsel possess. To deny the continuance and require Mr. Copez to proceed with other attorneys within defense counsels' office would both (1) result in a miscarriage of justice, and (2) unreasonably burden and render inadequate their pretrial and trial preparation under the Speedy Trial Act. That is especially so given the nature and complexity of the prosecution.

Second, even assuming this case, taken as a whole, is not so unusual or so complex to fall within clause § 3161(h)(7)(B)(ii), the present trial date would unreasonably deny Mr. Copez the continuity of counsel and the reasonable time necessary for effective preparation, taking into account the exercise of due diligence under § 3161(h)(7)(B)(iv).

Though the Government opposes the requested continuance, primarily contending the additional time will affect its witnesses' ability to recall details of the offense and the jury's assessment of their credibility, it has provided no particularized support for that assertion. The same is true regarding the Government's contention that a continuance would burden its witnesses and experts, who have remained available to testify on the currently scheduled trial date. The failure to support its contentions with particularity renders them speculative. The Court thus **OVERRULES** the Government's objection to Mr. Copez's requested continuance.

Based on the foregoing, the trial, which is presently scheduled for December 14, 2026, is **CONTINUED** to **May 24, 2027, at 9:00 a.m.** For the reasons set forth in detail above, the Court **FINDS** the time from and including December 14, 2026, through May 24, 2027, is excludable from the computation of time within which trial must commence. The Court additionally **ORDERS** as follows:

1. That the deadline for filing superseding indictments, if any, shall be thirty (30) days prior to the trial date;
2. That the parties must submit their respective proposed witness lists, exhibit lists, voir dire, jury instructions and verdict forms no later than May 12, 2027. The submissions must be tendered via email, in Word format, to Tabitha_Jarrell@wvsd.uscourts.gov; and
3. That the parties must notify the Court of any proposed plea agreement so that a

plea hearing may be scheduled one week before trial. Should a scheduled plea hearing not be completed, the Court is unlikely to consider that event to support a continuance of the trial.

Counsel are further reminded of those matters set forth in the Court's October 9, 2026, Case Management Order [*see* ECF 129 at 5-7] and are **ORDERED**, in the event of trial, to have witnesses available to testify at all times commencing at jury selection. In the event the Court is required to halt the proceedings prior to the close of business due to the lack of available witnesses, counsel responsible for the testimonial gap will be subject to -- and personally liable for -- jury costs, monetary sanctions, or both.

The Clerk is directed to send a copy of this written opinion and order to Magistrate Judge Aboulhosn, to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: November 12, 2026

Frank W. Volk
Chief United States District Judge